**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

YOUNG GROENEWEG,

    Plaintiff,

        v.                                  CASE NO. 1:26-CV-74-HAB-ALT

CITIBANK NA,

    Defendant.

## OPINION AND ORDER

Pro se Plaintiff Young Groeneweg ("Groeneweg") filed a complaint on January 21, 2026, against Defendant Citibank NA ("Citibank") alleging unlawful debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and Indiana state law claims allegedly arising from those practices. (ECF No. 4). Citibank first pursued a civil debt collection against Groeneweg in state court. (*Id.*) Groeneweg then filed her own claims against Citibank in a separate suit and moved to consolidate the actions, which the state court granted.[1] (*Id.*) On February 9, 2026, Citibank removed Groeneweg's FDCPA suit to federal court, alleging federal question jurisdiction. (ECF No. 1). Groeneweg now asks the Court to remand the case to the state court, (ECF No. 5), and the motion is fully briefed and ripe for ruling. (ECF No. 5, 11, 12).

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If a plaintiff brings a civil action in state court that federal courts have original jurisdiction over, the defendant or defendants

---

[1] Under Rule 201 of the Federal Rule of Evidence, the Corut takes judicial notice of the state court dockets in the two cases, consolidated on February 2, 2026. *See Citibank NA v. Young Groeneweg*, Cause No. 02D02-2601-SC-000069 (debt collection suit); *Young Groeneweg v. Citibank NA*, No. 02D03-2601-PL-000017 (Groeneweg's countersuit alleging claims under the FDCPA and Indiana common law).

may remove the case to the district court where the action is pending. 28 U.S.C. § 1441. District courts can also exercise supplemental jurisdiction over state-law claims that accompany federal claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "State and federal claims are part of the same case or controversy if they derive from a common nucleus of operative facts." *Scholastic Servs., Inc. v. First Midwest Bancorp, Inc.*, No. 2:15-CV-211, 2015 WL 5772526, at *3 (N.D. Ind. Sept. 30, 2015). But federal courts can decline to exercise supplemental jurisdiction over the state claims if (1) they raise "a novel or complex issue of state law," (2) they "substantially predominate" over the federal claims, (3) "the district court has dismissed all claims over which it has original jurisdiction," or (4) "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). If a plaintiff believes removal was improper, they can move to remand the case to state court. 28 U.S.C. § 1447(c).

The Court agrees with Citibank that remand is not warranted here. The FDCPA is a federal cause of action, meaning this Court has original jurisdiction over that claim. *See* 28 U.S.C. § 1331. Groeneweg conceded in her Complaint that all her claims arise from Citibank's attempt to collect on Groeneweg's debt. *See generally* ECF No. 4. The claims share this common nucleus of operative fact and thus arise out of the same case or controversy. Thus, because the Court has original jurisdiction over the FDCPA claim and the state law claims are part of the same case or controversy, the Court can exercise supplemental jurisdiction over the state law claims unless Groeneweg can show one of the exceptions applies.

Groeneweg's only relevant[2] argument opposing supplemental jurisdiction is that the state claims—conversion, unjust enrichment, invasion of privacy, and intentional infliction of emotional distress—substantially predominate over the FDCPA claim. She does not explain *how* those claims substantially predominate, but the Court assumes that she believes the number of state issues she brings outweighs the one federal issue. State issues only substantially predominate if they require far more proof, involve issues of much greater scope, or seek a far more comprehensive remedy, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), none of which exist here. Groeneweg has conceded that all her claims focus on the same conduct by Citibank; thus, the same evidence would likely address nearly every issue on every claim. And while she also seeks injunctive and declaratory relief for her claims, *see* ECF No. 4 at 21, those remedies are within this Court's capabilities. *See* Fed. R. Civ. P. 65; 28 U.S.C. §§ 2201–2202. Her claim for intentional infliction of emotional distress would likely require evidence outside the scope of her FDCPA claim, but that additional evidence is minimal compared to the vast majority of evidence that would address all of her other claims, state and federal.

Finally, Groeneweg's case presents no extraordinary circumstances that would justify remand when this Court is otherwise the appropriate forum. Groeneweg argues that Citibank's parallel collection case against her in Allen Superior Court supports remand, as "[a]llowing removal of only the plenary case, while Citibank's collection action remains in state court, would fracture a single controversy into two forums, create a substantial risk of inconsistent rulings on ownership, standing, and the amount owed, and undermine judicial economy."(ECF No. 5 at 4–5). Generally, however, "the pendency of an action in the state court is no bar to proceedings

---

[2] Groeneweg makes much to do about the low amount in controversy; however, because Citibank removed to this Court based on federal question jurisdiction, the alleged amount in controversy is irrelevant, as federal question jurisdiction includes no controversy requirement. *See* 28 U.S.C. § 1331.

concerning the same matter in the [f]ederal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 282 (1910).

Here, although the two state actions were consolidated for the purposes of case management and discovery, those cases retained separate cause numbers, dockets, and identities. *See Young Groeneweg v. Citibank NA*, No. 02D03-2601-PL-000017, at 2/13/2026 "Order Consolidating Cases"; *see also Mich. City v. Hays-Republic Corp.*, 2020 WL 5757986, at *3 (N.D. Ind. Sept. 28, 2020) ("The general rule under Indiana law is that consolidated cases retain their separate identities."). And while the cases might arise from a similar factual predicate—Citibank attempting to collect Groeneweg's credit card debt—and concern the same parties, there is nothing to indicate that these cases are anything but separate, distinct actions.[3] Ultimately, these two suits are not, as Groeneweg asserts, "a single controversy," and she has not demonstrated any valid reason why her lawsuit cannot or should not continue in federal court.

For these reasons, Groeneweg's Motion to Remand (ECF No. 5) is DENIED.

**SO ORDERED** this 7th day of April 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[3] Citibank's debt collection action will require them to establish they have ownership of a debt and that debt has not been paid; Groeneweg's FDCPA claim will require establishing that the way Citibank went about collecting that debt was unlawful—whether or not the collection action was meritorious in the first place.