**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| YOUNG GROENEWEG, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-74-HAB-ALT |
| CITIBANK NA, | |
| Defendant. | |

## OPINION AND ORDER

This matter presents a procedural conundrum: when a state court consolidates two cases and the defendant removes one to federal court, what happens to the other? Pro se plaintiff Young Groeneweg requests the Court clarify that only one suit was removed and the other remains pending with the state court. (ECF No. 31). Defendant Citibank, N.A. ("Citibank") argues that, under hundred-year-old United States Supreme Court precedent, "[w]hen a case is removed to federal court, the federal court takes the case as it stood in state court." (ECF No. 33 (citing *Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 288 (1922)). Additionally, Citibank has moved to compel arbitration (ECF No. 21), which Groeneweg initially opposed (ECF No. 28) but has since conceded as to the federal claims suit (ECF No. 35). Both motions are ripe for ruling.

### I. Background

In January 2026, Citibank filed a small claims action against Groeneweg in Allen County Superior Court to collect on a credit card debt owed by Groeneweg. *See Citibank NA v. Groeneweg*, No. 02D02-2601-SC-000069 (Allen Cnty. Super. Ct. Jan. 5, 2026).[1] Two weeks later,

---

[1] Under Rule 201 of the Federal Rule of Evidence, the Corut takes judicial notice of the state court dockets in the two cases, consolidated on February 2, 2026. *See Citibank NA v. Young Groeneweg*, Cause No. 02D02-2601-SC-

Groeneweg filed her own complaint against Citibank, asserting unlawful debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, as well as state tort claims allegedly arising from those practices. *Young Groeneweg v. Citibank NA*, No. 02D03-2601-PL-000017 (Allen Cnty. Super. Ct. Jan. 21, 2026). On January 29, 2026, Groeneweg filed a Motion to Consolidate in her FDCPA case, asking the small claims case be consolidated with her FDCPA suit "for all purposes, including discovery, pre-trial proceedings, and trial." *Id.* at 1/29/2026 ("Plaintiff's Motion to Consolidate"). That request was granted in part: the state court ordered the two cases "consolidated for purposes of case management, discovery, and mediation," and noted that it would "consider whether the cases should be consolidated for purpose of trial at the pre-trial conference." *Groeneweg*, No. 02D03-2601-PL-000017, at 2/13/2026 ("Order Consolidating Cases"). In that same order, the state judge explained the limits of the consolidation order:

> This Order of Consolidation is based upon Indiana Trial Rule 42 and Allen County Local Rule LR02-TR42-25. The Local Rule explains:
>
> > Trial Rule 42 permits consolidation of cases for specific purposes, but generally not actual consolidation of the entire cases. Consistent with Trial Rule 42, upon the motion of a party and hearing or stipulation, the Court may enter orders in related cases to consolidate the cases for specific purposes, such as for case management, discovery, mediation, hearings, trial, etc.
>
> Thus, these consolidated cases do not lose their individual cause numbers or identity.

*Id.* at 2.

On February 9, 2026, Citibank removed Groeneweg's FDCPA suit to federal court, alleging federal question jurisdiction. (ECF No. 1). Groeneweg then moved to remand the case (ECF No. 5) which was denied on April 7, 2026. (ECF No. 16). In that Order, the Court explained

---

000069 (debt collection suit); *Young Groeneweg v. Citibank NA*, No. 02D03-2601-PL-000017 (Groeneweg's countersuit alleging claims under the FDCPA and Indiana common law).

that, although the state cases were consolidated for the purpose of case management and discovery, the cases remained separate under Indiana law and that "while the cases might arise from a similar factual predicate—Citibank attempting to collect Groeneweg's credit card debt—and concern the same parties, there is nothing to indicate that these cases are anything but separate, distinct actions." (*Id.* at 4).

After this Court's April 7 Order, the parties filed a flurry of motions in the state small claims case regarding the state court's jurisdiction and the status of that case. In its first order on the matter, the state court noted that "[a]s of the date of this Order, this Court is not aware of an Order from the Plenary Court or Federal Court restoring jurisdiction of [the small claims case] to the Small Claims Court. Therefore, this Court does not have jurisdiction to determine whether [the small claims case] was properly consolidated into the federal case." *Citibank NA*, No. 02D02-2601-SC-000069, at 5/28/2026 ("Order").

In this case, Citibank moved to compel arbitration pursuant to the terms of an arbitration agreement contained in the terms governing the account at issue. (ECF No. 21). Although Groeneweg initially opposed arbitration (ECF No. 28), she has since conceded to arbitration of the FDCPA suit (ECF No. 35).

## II.    Discussion

Groeneweg's motion seeks clarification on the scope of this Court's jurisdiction; specifically, whether removal of the FDCPA case constituted removal of the consolidated state cases or just Groeneweg's FDCPA case. (ECF No. 31). Groeneweg cites the language of the state court's consolidation order, as well as Indiana Trial Rule 42, as support for her argument that the two state cases did not merge completely, and only the FDCPA suit is before this Court.

Citibank relies on a century-old United States Supreme Court case for its argument that the federal court takes the state court's case "as it stood," and as the case stood in state court, the cases were consolidated. (ECF No. 33 (citing *Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 288 (1922)). But the Supreme Court's generalized guidance is inapt here. Rather, how the state court's consolidation of two state cases affects their removability depends on how the consolidation operates under *state* law. *See, e.g.*, *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929 (9th Cir. 2015) (finding that, under California law, two actions consolidated "for all purposes . . . merged into a single proceeding under one case number and result in only one verdict or set of findings and one judgment" and thus must be remanded together); *Lakewood Prairie, LLC v. Ibarra Concrete Co.*, 2008 WL 3982510, at *3 (N.D. Ill. May 27, 2008) (finding consolidated cases had merged into a single action under Illinois law); *Lerille v. Monsanto Corp.*, 2007 WL 2284570, at *3 (E.D. La. Aug. 6, 2007) (finding consolidated cases retained separate identities under Louisiana law).

For Indiana, the general rule is that consolidated cases retain their separate identities. *See Clarkson v. Neff*, 878 N.E.2d 230, 245–46 (Ind. Ct. App. 2007); *Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 55 (Ind. Ct. App. 1993) ("[C]onsolidation of similar cases is permitted as a matter of convenience and economy, but it does not merge the suits into a single cause or change the rights or duties of the parties."). The Indiana rule mirrors the traditional interpretation of the federal rule of consolidation, Fed. R. Civ. P. 42(a), which allows for consolidation of cases but "does not create a single lawsuit," *New West v. City of Joliet*, 2012 WL 384574, at *5 (N.D. Ill. Jan. 31, 2012); *see also Newfound Mgmt. Corp. v. Lewis*, 131 F.3d 108, 114–18 (3d Cir. 1997) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or

change the rights of the parties . . . ."); *Figg & Muller Eng'rs, Inc. v. Petruska*, 477 N.E.2d 968, 970 (Ind. Ct. App. 1985) ("Federal Rules of Civil Procedure 42(a) is identical to our Trial Rule 42(A).").

That said, some Indiana courts have suggested that consolidated cases might lose their separate identities and completely merge if they can be considered "virtually identical." *Clarkson*, 878 N.E.2d at 247 (holding notice filed in one of two consolidated cases served as notice in the other because the cases were "virtually identical"); *Gill v. Gill*, 2013 WL 4153108, at *4 (Ind. Ct. App. Aug. 14, 2013) (unpublished) ("The cases need not retain distinct identities, however, where the parties and issues are identical.").

This Court could identify only one federal case discussing whether two Indiana suits that consolidated in state court before being removed to the federal court had fully merged into one identity. In *Michigan City v. Hays-Republic Corp.*, 2020 WL 5757986 (N.D. Ind. Sept. 28, 2020), the plaintiff sued several defendants in state court in 2015, then filed a second suit in 2020 after discovery revealed additional potential defendants. Soon thereafter, the plaintiff moved to consolidate its two cases because "they involve common questions of law and fact, including overlapping properties at issue and identical causes of action," which the state court granted, ordering that the second action "was consolidated 'with and into' the first action." *Id.* at *1. The second set of defendants removed the second case to federal court, and, on the plaintiff's motion to remand, the court noted multiple factors leading it to believe it was possible the state cases had merged into one identity: the two underlying cases were "virtually identical"—brought by the same plaintiff and asserting the same cause of action, seeking relief for the contamination of the same parties—and the court ordered the second case be consolidated "with and into" the first action, without qualification. *See id.* (citing *Poole v. Poppell*, 2019 WL 1397944, at *2 (E.D. La. Mar. 27,

5

2019) (finding the actions consolidated into a single action because "[t]he state court order . . . did not limit consolidation for either discovery or trial purposes only or in any other manner"). At the same time, however, the fact that the cases always maintained separate cause numbers and separate dockets "cut[ ] against the cases having been merged into one identity." *Id.* With factors pointing both ways, the federal court found the effect of the consolidation ambiguous and, because it could not "discern the intent of the state court from the facts provided," remanded due to the ambiguity. *Id.*

Such ambiguity does not exist here. While the parties may be the same and the underlying facts related, these suits are not "virtually identical." As explained in this Court's prior order: "Citibank's debt collection action will require them to establish they have ownership of a debt and that debt has not been paid; Groeneweg's FDCPA claim will require establishing that the way Citibank went about collecting that debt was unlawful—whether or not the collection action was meritorious in the first place." ECF No. 16 at 4 n.3. Moreover, the state court's consolidation order was explicit that the cases did *not* fully merge but instead explained that the cases retained their separate identities and were consolidated for the limited purposes of "case management, discovery, and mediation." *Groeneweg*, No. 02D03-2601-PL-000017, at 2/13/2026 ("Order Consolidating Cases"). What's more, Citibank's Notice of Removal refers only to Groeneweg's FDCPA suit, *see* ECF No. 1, with no mention of the small claims case until it was tangentially referenced in the briefings for Groeneweg's Motion to Remand, *see* ECF No. 5.

From these facts, the Court concludes that only Groeneweg's FDCPA suit was properly removed, and the small claims case remains with the state court. To be sure, this clarification does not conflict with Citibank's cited Supreme Court precedent. *General Investment Company* held that "[w]hen a cause is removed from a state court into a federal court, the latter takes it as it stood

in the former." *Gen. Inv. Co.*, 260 U.S. at 288. Here, the state cases were clearly consolidated for management purposes only and otherwise retained their distinct identities. Removal of one suit, then, simply did the work of un-consolidating those cases before the state court, allowing the federal court to assert jurisdiction over the removed case while the state court retained jurisdiction over the other. "As it stood" in the state court, these cases were ultimately separate actions. If this Court's order on Groeneweg's motion to remand was unclear as to the status of the small claims case, it is because the small claims case was never properly before the Court and thus could not be remanded.

Finally, as noted above, Groeneweg has now conceded to arbitrate her FDCPA suit. (ECF No. 35). This concession suggests that she concedes to the validity of the arbitration provision and its enforceability here, and the Court need not delve into any further arbitration discussion. *See Martini v. Bicycle Health, Inc.*, 2023 WL 2743913, at *5 (E.D. Wis. March 31, 2023).

### III.    Conclusion

For these reasons, the Court: (1) GRANTS Groeneweg's Motion to Clarify (ECF No. 31) and clarifies that only the FDCPA suit and its asserted state law claims were properly removed; and (2) GRANTS Citibank's Motion to Compel Arbitration and Stay Action (ECF No. 21). The Court hereby STAYS this case and DIRECTS the CLERK to remove it from the active docket for statistical purposes. The parties may file a request to lift the stay and return the case to the active docket after the conclusion of arbitration.

**SO ORDERED** on July 23, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

7